IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RAYMOND G. OCHOA, | ) | No. CV 08-1146-PHX-GMS (BPV) |
| Petitioner, | ) ) ) | **REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| CHARLES L. RYAN, et al., | ) ) ) | |
| Respondents. | ) ) | |

On June 19, 2008, Petitioner, Raymond G. Ochoa, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody[1], pursuant to Title 28, U.S.C. § 2254. (Doc. No. 1.)[2] The Court called for an answer to the Petition. (Doc. No. 4.) On August 25, 2008, Respondents filed an Answer with Exhibits A through E attached. (Doc. No. 7.) A Reply, including attached exhibits 1-9, was filed by Ochoa on September 24, 2008. (Doc. No. 9.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

---

[1] At the time of filing, Petitioner was confined in the Arizona State Prison, South Unit, in Florence, Arizona. At this time it is not clear that Petitioner remains confined.

[2] "Doc. No." refers to documents in this Court's file.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Trial Court Proceedings

On November 25, 2003, Ochoa was convicted pursuant to a plea agreement in Maricopa County Superior Court, case# CR2003-017682, of attempted kidnapping and sexual assault of a spouse. (Answer, Exs. B and C.) On January 5, 2004, Ochoa was sentenced to a 6.5-year term of imprisonment and lifetime probation. (Answer, Ex. D.)

### B. Petition for Post-Conviction Relief

On July 22, 2007, Ochoa filed his first notice of post-conviction relief, claiming that the imposition of lifetime probation was unlawful and a violation of his federal and state constitutional rights. (Answer, Ex. E.) On August 23, 2007, the trial court dismissed the notice as untimely, finding that the notice and petition failed to set forth and substantiate any exceptions to the timeliness requirements of Ariz.R.Crim.P. 32.4(a). (Petition at 13.) Alternatively, the trial court found no merit to Ochoa's arguments that a sentence of lifetime probation constitutes cruel and unusual punishment or violates defendant's rights to due process or equal protection of the laws. (*Id* at 13-14.)

On May 9, 2008, the Arizona Court of Appeals denied Ochoa's petition for review from the trial court's denial of post-conviction relief. (Petition at 15.)

### C. Federal Habeas Petition and Amended Petitions

Ochoa filed his first petition for post-conviction relief in District Court on June 19, 2008. (Doc. No. 1.) Petitioner raises five grounds for relief. In Ground One, he alleges that his First Amendment right to redress of grievances was violated by Arizona Rules of Criminal Procedure 24(c) and 32.9(c) and that lifetime probation was illegally imposed. In Ground Two, Petitioner alleges that his Fifth Amendment

due process and double jeopardy rights were violated by imposing lifetime probation. In Ground Three, Petitioner alleges that his Sixth Amendment right to the effective assistance of counsel was violated by appointment of a public defender who failed to object to violations in application of sentencing guidelines. In Ground Four, he alleges that his Eighth Amendment right not to be subjected to cruel and unusual punishment was violated by imposition of an illegal enhanced sentence of lifetime probation. In Ground Five, he alleges that his Fourteenth Amendment due process and equal protection amendment rights were violated by the state's failure to correctly apply sentencing guidelines and illegal enhancement of Petitioner's sentence.

## II. DISCUSSION

### A. Standard of Review

Because Ochoa filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B. Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document,

the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. [3] *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir.1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v.*

---

[3] Although the Court recognizes that Respondents have raised an argument that equitable tolling is no longer available, in view of the Supreme Court's recent decision in *Bowles v.Russell*, 127 S.Ct. 2360 (2007), the Court need not resolve that issue because Ochoa does not satisfy the requirements for such tolling.

-4-

*DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.2007).

C. <u>Analysis</u>

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Ochoa had until one year after his conviction and sentence became final to file his federal petition.

*1. Limitation Period Under § 2244(d)(1)(A)*

Petitioner's conviction and sentence were based upon a guilty plea, and thus, under Arizona law, Petitioner's post-conviction relief proceedings were "of-right." *See* Rule 32.1, Az.R.Cr.P. Accordingly, AEDPA's statute of limitations did not begin to run until the conclusion of Petitioner's Rule 32 "of-right" proceedings. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."); *see also* 28 U.S.C. § 2244(d)(1)(A) (stating that a judgment becomes final at the later of either the conclusion of direct review or the expiration of the time for seeking such review). Petitioner's conviction and sentence became final on April 4, 2004, ninety (90) days after the trial court sentenced Petition, and Petitioner failed to file a notice of post-conviction relief. *See* Rule 32.4(a), Ariz.R.Crim.P. (stating that defendant has 90 days after the entry of judgment and sentence in a Rule 32 of-right proceeding to file a notice of post-conviction relief). Although direct review is not normally complete until the time for filing a writ of certiorari to the United States Supreme Court has expired, *see Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999), certiorari can only be sought following a decision or denial

of discretionary review by the state court of last resort, *i.e.* the Arizona Supreme Court. *See* SupCt.R.13. Accordingly, Petitioner was required to file his petition for writ of habeas corpus within 1 year of the date his convictions became final, *i.e.*, one year from April 4, 2004, absent statutory tolling.

### 2. *Statutory Tolling*

The filing of the notice of petition for post-conviction relief did not toll the limitations period because untimely pleadings summarily dismissed by the state courts are not "properly filed" and do not result in statutory tolling of the 1-year statute of limitations. *See Pace*, 544 U.S. at 417 (holding that "[b]ecause the state court rejected petitioner's PCR petition as untimely, it was not 'properly filed,' and he was not entitled to statutory tolling under § 2244(d)(2)"). Additionally, the filing of the second petition or subsequent pleadings could not restart the statute of limitations because it had already lapsed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Thus, the statute of limitations ran a total of 1537 days from April 4, 2004, until Petitioner filed the instant petition for writ of habeas corpus on June 19, 2008. Petitioner was required to file his petition for writ of habeas corpus in 365 days, excluding time where the statute of limitations was properly tolled. See 28 U.S.C. § 2244(d)(1)(A) & (d)(2). Thus, Petitioner did not file his federal petition for writ of habeas corpus within the 1-year statute of limitations. Unless there is a basis for equitably tolling the limitations period, Petitioner's habeas petition, filed on June 19, 2008, is untimely. This Court must recommend denial of Petitioner's petition for writ of habeas corpus as untimely filed.

### 3. *Equitable tolling*

Ochoa does not make a sufficient showing that there are "extraordinary circumstances" that caused the untimely filing of his Petition. "A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner asserts that he was not advised of any procedural requirements pertaining to the AEDPA at sentencing from state appointed counsel, or agents of the State, or from the Arizona Department of Corrections, but discovered it through due diligence and was informed of the rules in August of 2008.[4] (Doc. No. 9 at 12.) The Ninth Circuit has indicated that a petitioner's inability to access information about the statute of limitations deadline may warrant equitable tolling. *See Whalem/Hunt*, 233 F.3d 1146, 1148 (9th Cir.2000) (*en banc*) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding).

The record as submitted in this case, however, does not demonstrate that Petitioner's ability to access the relevant limitations provisions of the AEDPA or other necessary legal material was eliminated, rather, Petitioner seems to be asserting that he was not advised of the information, or that it was not provided directly to him, but not that he did not have access to the material, or that he was denied such material after requesting it. Petitioner has not, at this time, sufficiently alleged that, due to circumstances beyond his control it was impossible to file a petition on time. Accordingly, this Court finds no cause for equitably tolling the limitations period in this case.

D. Procedural Default/Merits.

Because the Magistrate Judge recommends that the District Court dismiss this petition as untimely, he does not reach the Petitioner's or Respondent's alternate arguments on procedural default or on the merits of this case.

---

[4]Petitioner cites supplemental exhibits (to be provided) in support of this assertion, but these supplemental exhibits were not provided.

### III. RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 08-1146-PHX-GMS**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 30th day of September, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge